## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

| | | |
|---|---|---|
| **ROBERT W. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25-cv-2186-MSN-atc** |
| | ) | |
| **TIMOTHY KIRWAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

Before the Court by Order of Reference[1] is Plaintiff Robert W. Johnson's *pro se* civil complaint. (ECF No. 2.) For the reasons set forth below, it is recommended that this case be dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

### **PROPOSED FINDINGS OF FACT**

On February 20, 2025, Johnson filed his complaint and an application to proceed *in forma pauperis*. (ECF Nos. 2, 3.) After determining that Johnson's application to proceed *in forma pauperis* did not provide sufficient financial information to ascertain if he was unable to pay the civil filing fee, on March 19, 2025, the Court ordered Johnson to either submit a second *in forma pauperis* application or pay the $405.00 civil filing fee by April 17, 2025. (ECF No. 8.) When Johnson did not file a second application or pay the filing fee by April 17, 2025, the Court again ordered him to do so by June 21, 2025. (ECF No. 9.) The Court warned Johnson that

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

failure to comply with the Court's Order would result in dismissal of his case without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  (*Id.*)  Johnson never filed a second *in forma pauperis* application or paid the civil filing fee, nor has he filed any other documents since initiating this case.

### PROPOSED CONCLUSIONS OF LAW

Rule 41(b) provides for the involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or court orders. The rule provides that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  "Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the 'district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.'"  *Marchand v. Smith & Nephew*, No. 11-cv-2621-STA-cgc, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)).

Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties."  *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").  The Rule "is available to the district court as a tool to effect management

of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter*, 723 F.3d at 704 (quotation omitted). Ultimately, dismissal under Rule 41(b) is warranted where the plaintiff exhibits a "clear record of delay or contumacious conduct" and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570 (citations and internal quotation marks omitted). These "'controlling standards should be greatly relaxed' for Rule 41(b) dismissals without prejudice where 'the dismissed party is ultimately not irrevocably deprived of his [or her] day in court.'" *Wilson v. Shelby Cnty. Div. of Corr.*, No. 2:20-cv-02385-TLP-tmp, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004)).

Evaluating these four factors reveals that dismissal of Johnson's case is the only appropriate sanction. As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–

32 (6th Cir. 2012) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order). Johnson has failed to file an appropriate application to proceed *in forma pauperis* or pay the filing fee in this case, in defiance of two Orders of this Court that he do so. That failure has thwarted the progression of this case, which Johnson has provided no indication of an intent to prosecute. The first factor is therefore more than satisfied, favoring dismissal.

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). No defendant has appeared in this case, and therefore the second factor weighs against dismissal.

The third factor—prior notice, or the lack thereof—is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor supports dismissal, as Johnson was expressly and unambiguously warned that failure to comply with the Court's Orders may result in the dismissal of this case.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Instead, in circumstances such as these, where a plaintiff ignores orders of the Court and fails to prosecute his case, dismissal is appropriate. *See, e.g.*, *Lee v. Glaxosmithkline, LLC*, No. 2:12-cv-02393-JTF-cgc, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule

41(b) appropriate when a plaintiff "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause"); *Bass v. Leatherwood*, No. 13-cv-2882-JDT-tmp, 2014 WL 1665205, at *2 (W.D. Tenn. Apr. 24, 2014) (finding dismissal under Rule 41(b) appropriate where a plaintiff, *inter alia*, failed to respond to an order to show cause). Johnson's conduct—or lack thereof—demonstrates that he has no intention of prosecuting this case, and thus the Court recommends dismissal, rather than a lesser sanction. Furthermore, when a plaintiff is indigent and proceeds *in forma pauperis*, as Johnson is attempting to do here, "it is likely that a financial sanction would have had no practical deterrent effect." *Shavers*, 516 F. App'x at 571. Simply put, no sanction other than dismissal is appropriate in these circumstances. The fourth factor thus weighs in favor of dismissal under Rule 41(b).

Considering the *Carpenter* factors and the entire record in this case, the Court finds dismissal is warranted. Though one factor weighs against dismissal, the remainder weigh strongly in favor. Johnson's refusal to prosecute this case, despite being prompted and ordered to do so, renders dismissal the appropriate outcome.

The Court further recommends the dismissal of this case be without prejudice, which "balances the Court's interest in 'sound judicial case and docket management' with 'the public policy interest in disposition of cases on their merits.'" *Clayborn v. Lee*, No. 3:22-cv-00458, 2022 WL 17420375, at *4 (M.D. Tenn. Dec. 5, 2022) (quoting *Muncy*, 110 F. App'x at 556 n.5). Dismissal without prejudice "is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se." *Id.* (citing *Schafer*, 529 F.3d at 737). Nonetheless, "the Sixth Circuit 'recognize[s] that dismissal without prejudice may be as harsh a remedy as dismissal with prejudice where . . . the limitation period ended and Plaintiffs' suit is now time-barred.'" *Northcutt v. Tenn. Dep't of Treasury*, No. 3:21-cv-00823, 2022 WL 1056419, at *2

(M.D. Tenn. Apr. 8, 2022) (quoting *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001)).  As the court in *Northcutt* recognized, however, the result may be harsh, but "the Court lacks other appropriate, less drastic sanctions at this time."  2022 WL 1056419, at *4.

## RECOMMENDATION

For the foregoing reasons, this Court recommends that this case be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute.

Respectfully submitted this 15th day of August, 2025.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.