# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ROBERT W. JOHNSON,

    Plaintiff,

v.                                                    Case No. 2:25-cv-2186-MSN-atc

TIMOTHY KIRWAN,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## FOR *SUA SPONTE* DISMISSAL

Before the Court is the Magistrate Judge's Report and Recommendation for *Sua Sponte* Dismissal (ECF No. 11, "Report") entered August 15, 2025. The Report recommends that this matter be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). (*Id.*)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no

objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Magistrate Judge entered the Report on August 15, 2025.  The Report explained that written objections to the Report could be filed within 14 days after a party was served with a copy of the Report.  (ECF No. 11 at PageID 21.)  It also warned that failure to file objections within 14 days may constitute a waiver and/or forfeiture of objections, exceptions, and further appeal.  (*Id.*)  To date, no objections have been filed and the deadline for doing so has expired.

The Court has reviewed the Report for clear error and finds none.  Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation for *Sua Sponte* Dismissal (ECF

No. 11) in its entirety.  This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

    **IT IS SO ORDERED**, this 11th day of September, 2025.

                                           *s/ Mark S. Norris*
                                           MARK S. NORRIS
                                           UNITED STATES DISTRICT JUDGE